**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-6541**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROGER DALE CHARLES, II,

Defendant - Appellant.

**No. 21-6542**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROGER DALE CHARLES, II,

Defendant - Appellant.

Appeals from the United States District Court for the Western District of North Carolina, at Bryson City.  Martin K. Reidinger, Chief District Judge.  (2:04-cr-00027-MR-WCM-1; 1:16-cv-00136-MR)

Submitted:  October 27, 2022                          Decided:  November 30, 2022

Before GREGORY, Chief Judge, and AGEE and DIAZ, Circuit Judges.

————————————

No. 21-6541, dismissed; No. 21-6542, affirmed by unpublished per curiam opinion.

————————————

Roger Dale Charles, II, Appellant Pro Se.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

————————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roger Dale Charles, II, appeals the district court's order granting in part and denying in part his motion for a sentence reduction under § 404(b) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222 ("First Step Act"), and denying relief on his 28 U.S.C. § 2255 motion under the concurrent sentence doctrine. The district court concluded that Charles was eligible for relief under the First Step Act and exercised its discretion to grant in part and deny in part the motion, reducing Charles' term of supervised release to eight years but leaving his term of incarceration unchanged. After reviewing the record, we conclude that the district court did not abuse its discretion in determining the extent of the sentence reduction. *See Concepcion v. United States*, 142 S. Ct. 2389, 2404-05 (2022) (stating standard). Accordingly, we affirm in Appeal No. 21-6542.

The portion of the district court's order denying § 2255 relief is not appealable unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 137 S. Ct. 759, 773-74 (2017). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the motion states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). We have independently reviewed the record

3

and conclude that Charles has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal in No. 21-6541.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*No. 21-6541, DISMISSED;*
*No. 21-6542, AFFIRMED*